UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00015-GNS-HBB

LATRIA HARROLD                                                    PLAINTIFF

VS.

WAL-MART STORES, INC.                                            DEFENDANT

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

On April 13, 2022, in DN 13 the Court granted the motion of Plaintiff's counsel to withdraw (DN 11) and directed the Plaintiff to either retain substitute counsel or enter an appearance *pro se* in the case. The undersigned also directed the Plaintiff to file a statement of her current mailing address and a telephone number at which she could be reached for future telephonic conferences. The deadline for compliance was 45 days from issuance of the order. The undersigned pointed out that Fed. R. Civ. P. 41(b) authorizes the Court to involuntarily dismiss an action if a Plaintiff fails to prosecute or comply with an order of the Court. The undersigned further warned the Plaintiff that failure to comply with the order would result in the issuance of a show cause order as to why the case should not be dismissed.

Plaintiff failed to comply with the Order, and on June 21, 2022, the undersigned entered an order at DN 14 directing the Plaintiff to show cause as to why she had not complied with the Order such that the case should not be dismissed. The Plaintiff was directed to appear before the Court on July 13, 2022 and was further warned that failure to appear would result in a recommendation that her Complaint be dismissed with prejudice. The Plaintiff appeared as

directed and advised the undersigned that she was attempting to retain counsel to represent her.

The undersigned granted her an additional 30 days in which to secure counsel and have counsel

enter an appearance or file a notice of intention to represent herself in the matter. The undersigned

again warned the Plaintiff that failure to comply would result in a recommendation of dismissal

(*see* DN 15). That deadline has now passed, and Plaintiff has again failed to comply.

As this District has previously observed:

> Rule 41(b) authorizes the involuntary dismissal of an action if a
> plaintiff fails to prosecute or to comply with an order of the court.
> *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R.
> Civ. P. 41(b) recognizes the power of the district court to enter a sua
> sponte order of dismissal."). "[W]hile pro se litigants may be
> entitled to some latitude when dealing with sophisticated legal
> issues, acknowledging their lack of formal training, there is no cause
> for extending this margin to straightforward procedural
> requirements that a layperson can comprehend as easily as a
> lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits.
> Where, for example, a pro se litigant fails to comply with an easily
> understood court-imposed deadline, there is no basis for treating that
> party more generously than a represented litigant." *Pilgrim v.
> Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts
> have inherent power "acting on their own initiative, to clear their
> calendars of cases that have remained dormant because of the
> inaction or dilatoriness of the parties seeking relief." *Link v. Wabash
> R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).
> "'Prior notice, or the lack thereof, is . . . a key consideration' in
> determining whether a district court abused its discretion in
> dismissing a case for failure to prosecute." *Schafer v. City of
> Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting
> *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).

Martin v. Kentucky State Penitentiary, No. 5:15CV-P232-TBR, 2016 U.S. Dist. LEXIS 118760,

*8-9 (W.D. Ky. Sept. 1, 2016).

Here, the Plaintiff has been ordered to enter an appearance *pro se* with provision of contact

information in conformance with LR 5.2(d) or have an attorney enter an appearance on her behalf.

Plaintiff has also been warned that dismissal of the case could result from her failure to comply

with the orders.  Yet Plaintiff has consistently failed to comply with the above-mentioned orders by entering an appearance *pro se* with provision of contact information in conformance with LR 5.2(d) or have an attorney enter an appearance on her behalf.

<u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint (DN 1-3 PageID # 26-28) be **DISMISSED WITHOUT PREJUDICE**.

August 23, 2022

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

<u>NOTICE</u>

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b)(1), the undersigned magistrate judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(2). If a party has objections, such objections must be timely filed, or further appeal is waived.  <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, 474 U.S. 140 (1984).

August 23, 2022

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:       Latria Harrold
              Counsel of Record

3